UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOICHI SAITO,

      Plaintiff,

v.                            Case No.:  2:23-cv-513-SPC-NPM

ALEXIS MOFFETT, CHARLES
NUNLEY, ROBERT CROWN and
STATE OF FLORIDA,

      Defendants.
_____/

## OPINION AND ORDER

Before the Court is pro se Plaintiff Koichi Saito's complaint.  (Doc. 1). For the following reasons, the Court dismisses Saito's complaint without prejudice.

## BACKGROUND

As best as the Court can tell, Saito was pulled over by Officer Charles Nunley on June 20, 2022.  (Doc. 1 at 4).  During this traffic stop, Saito was ticketed, his car was towed, and he was arrested.  (Doc. 1 at 4).  Some time after that, he reported to traffic court and appeared in front of Judge Robert Crown.  Though it is unclear what was being adjudicated, Saito did not like the result.

Saito claims that the traffic stop and the seizure of his car was unlawful, that Judge Crown "is not a real judge," and that the prosecutor, Alexis Moffett, "had no witness."[1]   Saito makes sweeping claims that "[a]ll Defendants conspired to violate Plaintiff's rights under [42 U.S.C. § 1983]," that "[a]ll Defendants violated the Administrative Procedures Act of 1946," that "[t]he structure of the traffic ticket R.I.C.O. scheme shows it is unconstitutional," and that all Defendants "have a conflict of interest because they are all being paid by the same corporation, the STATE OF FLORIDA."  (Doc. 1 at 4-5).

This appears to be Saito's third attempt at bringing this action in this Court.  Saito filed *Saito v. 20th Jud. Cir. Ct. for Collier Cnty., Fla.,* 2:22-cv-515-SPC-KCD in August 2022.  Defendants in this case included Alexis Moffat [sic] and Judge Rob[ert] Crown.  This case was styled as a "removal" of one of Saito's state court cases—either his criminal case or his small claims court case.  This case was remanded to the Circuit Court of the Twentieth Judicial Circuit in and for Collier County.[2]

Saito then filed *Saito v. Collier Cnty. Mun. Corp.*, 2:22-cv-740-JLB-KCD in November 2022.  Defendants in this case included Officer Nunley, Alexis

---

[1] It is also implied, however, that Officer Nunley was a witness: "There is no injured party, and the officer violated the Constitution and therefore has no credibility to testify."  (Doc. 1 at 3).
[2] The Court's remand Order is Doc. 5 in case 2:22-cv-00515-SPC-KCD.

Moffett, and Judge Robert Crown (among others).  This case was voluntarily dismissed by Saito in June 2023.[3]

Finally, Saito filed 2:23-cv-513-SPC-NPM (now before the Court) in July 2023.  Defendants in this case are Alexis Moffett, Charles Nunley, Robert Crown, and the State of Florida.  It is clear from this complaint that Saito is a sovereign citizen.[4]

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[3] *See* Doc. 96, Doc. 97 in 2:22-cv-00740-JLB-KCD.

[4] Plaintiff states that he is "one of the sovereign people of the Republic State of Florida and . . . Plaintiff has no minimum contacts with the corporate STATE OF FLORIDA . . . [and] is not a United States citizen." (Doc. 1 at 4).  Additionally, Saito makes several sovereign citizen arguments.  Saito complains that Officer Nunley violated the Constitution when he "performed an illegal traffic stop on June 20, 2022, without an injured party or damaged property." (Doc. 1 at 4).  Saito complains that all three Defendants (a law enforcement officer, a prosecutor, and a judge) are "being paid by the same corporation, the STATE OF FLORIDA." (Doc. 1 at 5).  And finally, Saito invokes the Uniform Commercial Code (UCC) as his source of "remedy and recourse." (Doc. 1 at 6).  *See generally,* Caesar Kalinowski IV, *A Legal Response to the Sovereign Citizen Movement*, 80 Mont. L. Rev. 153, 171, 176-77, 180 (2019) (discussing sovereign citizens' belief that "a state, as an artificial person created by the People, cannot rule over them as sovereigns," sovereign citizens' disbelief in traffic laws and their belief in the "the right not to be stopped," and the importance of the UCC to sovereign citizens).  Saito also requests compensatory damages "in gold." (Doc. 1 at 12).

To survive dismissal, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. *Twombly*, 550 U.S. at 555. A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Twombly*, 550 U.S. at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotations omitted)).

When considering dismissal, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). But acceptance of a complaint's allegations is limited to well-pled allegations. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted).

Courts must liberally construe pro se filings and hold them to less stringent standards than papers drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal reading may require a court to "look beyond the labels used in a pro se party's complaint and focus on the content and

substance of the allegations" to determine whether a cognizable remedy is available. *Torres v. Miami-Dade Cnty., Fla.,* 734 F. App'x 688, 691 (11th Cir. 2018). But courts cannot act as counsel for plaintiffs or rewrite pleadings. *United States v. Cordero,* 7 F.4th 1058, 1068 n.11 (11th Cir. 2021). And it is "not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8." *Navarro v. City of Riviera Beach,* 192 F. Supp. 3d 1353, 1360 (S.D. Fla. 2016) (quoting *Sanders v. United States,* No. 1:08-CV-0190-JTC, 2009 WL 1241636, at *3 (N.D. Ga. Jan. 23, 2009)).

## DISCUSSION

As explained below, Saito's complaint is a shotgun pleading that fails to adequately state claims.

Shotgun pleadings violate Fed. R. Civ. P. 8 because they "fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Off.,* 792 F.3d 1313, 1323 (11th Cir. 2015). Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. *See generally Jackson v. Bank of Am.,* 898 F.3d 1348, 1357 (11th Cir. 2018) (detailing the "unacceptable consequences of shotgun pleading"); *Cramer v. Fla.,* 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings . . . exact an intolerable toll on the trial court's docket"). A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a

complaint on shotgun pleading grounds. *Weiland*, 792 F.3d at 1320. When a pro se plaintiff files a shotgun pleading, the court "should strike the [pleading] and instruct [plaintiff] to replead the case." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001) (quoting *Cramer*, 117 F.3d at 1263).

Saito's complaint falls into several shotgun pleading categories. First, it contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321-23. This complaint is very short on relevant facts, but also replete with facts that appear unrelated to Saito's causes of action. For example, while Saito appears to be challenging the seizure of his vehicle and the policies of the Collier County Sheriff's Office, he also states that he believes that "Defendant Crown is not a real judge" and that Judge Crown has a "conflict of interest" because he is paid by the state of Florida. (Doc. 1 at 2). Saito summarily asserts that Officer Nunley "has no credibility to testify." (Doc. 1 at 3). And Saito also mentions that Defendant Moffett "has no witness." (Doc. 1 at 3). It is unclear what relevance witness testimony (or lack thereof) has to Saito's claims.

Relatedly, the complaint is as long on irrelevant law as it is short on relevant facts. Saito discusses the Uniform Commercial Code (UCC), which governs commercial transactions and has no bearing on any of Saito's claims. (Doc. 1 at 6). He also discusses the Administrative Procedures Act (APA) at length, but does not connect it to his claims except to say "Defendants violated

[it]." (Doc. 1 at 9).  Because the APA governs federal agency rulemaking, policy, and permits, it is unclear what relevance the APA has to Saito's grievances against Florida state actors.

Additionally, Saito's complaint does not "separat[e] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322.  For instance, in a literal sense Saito separated out his 42 U.S.C. § 1983 claim. Saito copied and pasted the text of 42 U.S.C. § 1983 in a paragraph neatly numbered "8." (Doc. 1 at 3).  But there is no indication in that paragraph who this § 1983 claim is against or what facts underlie this alleged § 1983 violation. Several paragraphs later (after a statement concerning Saito's status as a citizen of the Republic State of Florida), Saito alleges that "[a]ll Defendants conspired to violate Plaintiff's rights under [42 U.S.C. § 1983], Plaintiff's right to due process," but there is no more detail than that. (Doc. 1 at 4).  Saito then immediately proceeds to comingle claims, alleging conspiracy to violate § 1983, violations of the APA, a "R.I.C.O. scheme" regarding traffic tickets, and a "police officer ma[king] legal determinations and illegally sign[ing] in the place of a judicial officer of the court"—all within the span of three sentences. (Doc. 1 at 4-5).

As another example, Saito appears (based on paragraph headers) to bring a claim for "negligence." (Doc. 1 at 10).  The facts under this header are disjointed and summarily allege a breach of "the duty of care owed when

[Officer Nunley] issued a summons." (Doc. 1 at 10).  Saito then reiterates Officer Nunley's alleged violations of "the separation clause of the Constitution" and "the takings clause of the Constitution" and then ropes Defendant Moffett into the negligence claim with reference to a "breach of duty caused by Defendants Nunley and Moffett." (Doc. 1 at 10).  In short, Saito has not put each of his claims in different counts.  The claims are intermingled, and Defendants are also intermingled within these claims.

Saito also commits the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323.  In the case caption, Saito names four defendants—Alexis Moffett, Robert Crown, Charles Nunley, and "STATE OF FLORIDA." (Doc. 1 at 1).  And he lists four provisions that have allegedly been violated—42 U.S.C. § 1983, the "Tuckers Act," the APA, and "violation of due process." (Doc. 1 at 1).  It is unclear which provision matches which defendant.

Saito, for instance, asserts that "[a]ll Defendants conspired to violate Plaintiff's rights under [42 U.S.C. § 1983], Plaintiff's right to due process." (Doc. 1 at 4).  He also asserts that "[a]ll Defendants violated the Administrative Procedures Act." (Doc. 1 at 4).  Conspicuously missing from the complaint is any explanation of what action(s) each one of the named defendants took in relation to these "violations."  Defendants are then left guessing as to each

Defendants' alleged misconduct for each cause of action. *See Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1164 (M.D. Fla. 1996) (dismissal appropriate when plaintiff's complaint made general allegations against all of the named defendants, making it "virtually impossible to ascertain . . . which defendant committed which alleged act").

By way of example, it is unclear what actions Defendant Moffett took in relation to this case except "ha[ve] no witness." [5]   (Doc. 1 at 3).   It is similarly unclear what actions the "STATE OF FLORIDA" took in relation to these alleged violations. Saito alleges several times that all defendants are paid by the "STATE OF FLORIDA" and that he himself is not affiliated with "the corporate STATE OF FLORIDA," but the STATE OF FLORIDA is otherwise not mentioned.  Additionally, Saito lists "The Officer's Bond Insurance" as a party within the body of the complaint.  (Doc. 1 at 10).  However, it is unclear who this party is, and the complaint does not appear to assert any claim against this "party."

One final note.  This case (unlike some of Saito's other cases in this Court) is not pled as a removal case.  But Saito attaches an affidavit to the complaint which states that "[t]he above-mentioned case must be transferred

---

[5] There are two other references to Defendant Moffett in the complaint.  First, that "Defendant Moffett (the prosecutor) . . . through the official's own individual actions, ha[s] violated the Constitution."  (Doc. 1 at 7).  Second, that "[t]he breach of duty caused by Defendants Nunley and Moffett caused Plaintiff to suffer substantial damages."  (Doc. 1 at 10).

in the interest of justice" because "[o]ther state court judges are participating in the same misconduct and therefore the defendant cannot get a fair and impartial trial in the state court." (Doc. 1-1). To the extent that Saito intended this case to be a removal of one of his pending state court actions, Saito should refer to the Court's Order remanding 2:22-cv-515-SPC-KCD.[6] In this Order, the Court explained to Saito that it does not have jurisdiction to hear his criminal case concerning traffic violations or his case in small claims court. This Court's jurisdiction (or lack thereof) has not changed since the issuance of that Order.

Because Saito is pro se, the Court will give him leave to amend his complaint. "In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'" *Jackson v. Bank of Am.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). However, Saito is cautioned that sovereign citizen theories have been consistently rejected by federal courts, including the Eleventh Circuit.[7]

---

[6] Doc. 5 in 2:22-cv-515-SPC-KCD.

[7] *See, e.g., United States v. Sterling*, 738 F.3d 228 n.1 (11th Cir. 2013) ("The phrases Sterling repeated are often used by so-called 'sovereign citizens,' who believe they are not subject to the jurisdiction of the courts . . . Courts have been confronted repeatedly by their attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous"); *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (finding frivolous Appellant's argument that "his 1994 Florida conviction is invalid because the state, as a 'corporate entity,' lacked subject matter jurisdiction over him, a 'flesh and blood man'"); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (stating that sovereign citizen theories "should be rejected summarily, however they are presented").

Accordingly, it is now

**ORDERED:**

Plaintiff Saito's Complaint (Doc. 1) is **DISMISSED without prejudice**.

Plaintiff may file an amended complaint on or before August 18, 2023. **Failure to file an amended complaint will result in the Court closing this case without further order/notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on July 27, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record