UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOICHI SAITO,

    Plaintiff,

v.   Case No.:  2:23-cv-513-SPC-NPM

ALEXIS MOFFETT, CHARLES
NUNLEY, ROBERT CROWN, and
STATE OF FLORIDA,

    Defendants.
                                      /

## OPINION AND ORDER

Before the Court are two motions to dismiss—one by Defendant Charles Nunley (Doc. 31) and the other by Defendants Alexis Moffett, Robert Crown, and the State of Florida (Doc. 18).  Pro se Plaintiff Koichi Saito opposes both motions.  (Doc. 27; Doc. 31).  For the below reasons, the Court grants them.

Plaintiff is "one of the sovereign people of the Republic State of Florida" who says he lacks "minimum contacts with the corporate STATE OF FLORIDA" and thus is not bound by Florida's laws.  (Doc. 16 at 4). Against this idea, Plaintiff objects to a traffic citation and arrest for having no valid driver's license.[1]  Nunley was the police officer who signed the ticket, had

---

[1] Attached to the Amended Complaint is the docket sheet for Plaintiff's ongoing state criminal case: *State of Florida v. Saito*, No. 22CT1811.  The Court thus takes judicial notice of the case.

Plaintiff's car towed, and arrested him. (Doc. 16 at 4). Moffett is the state prosecutor who is prosecuting Plaintiff in the criminal case. And Judge Crown is the Collier County Court administrative judge presiding over the ongoing matter.

Although the criminal case remains open, Plaintiff sues Defendants in federal court for civil rights violations tied to the charges under 42 U.S.C. § 1983.[2] Liberally construed, Plaintiff alleges that Florida's traffic ticket process and statutes violate the state and federal constitutions on many levels. To start, Nunley allegedly violated the Constitution's "separation of powers clause" by signing the ticket and "takings clause" by towing his car "without first justly compensating him." (Doc. 16 at 5). As to Judge Crown, he supposedly "took jurisdiction without an injured party or damaged property" and "allowed the State case to continue despite Plaintiff's jurisdictional challenge." (Doc. 16 at 5). Next, "Moffett could not provide jurisdiction by counter-affidavit on and for the record." (Doc. 16 at 5). To top it off, Plaintiff maintains all Defendants conspired to violate his due process rights. And rooted in the so-called unconstitutional "traffic ticket scheme" is another problem: a conflict of interest in which the State of Florida pays all the

---

[2] Plaintiff already tried to remove the criminal case to federal court. But the undersigned remanded for lack of subject matter jurisdiction. *See Saito v. 20th Judicial Circuit Court for Collier County, Florida*, No. 2:22-cv-515-SPC-KCD (M.D. Fla. Aug. 31, 2022).

individuals Defendants. (Doc. 16 at 5). Because of these alleged civil rights violations, Plaintiff argues the state court lacks jurisdiction over his criminal case. (Doc. 16 at 5). For their part, Defendants move to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing such motions, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

When reviewing a pro se plaintiff's pleadings, a court must liberally construe the allegations. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). But a court need not act as an attorney for the pro se party. Nor does the court have to rewrite deficient papers. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

Against this legal standard, the Court dismisses the Amended Complaint for three reasons. First, it remains a shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir.

3

2015) (shotgun pleadings violate federal pleading rules because they do not "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"). A few months ago, the Court dismissed Plaintiff's initial complaint as a shotgun pleading. (Doc. 6). In doing so, it explained how the complaint violated several pleading rules and gave Plaintiff another chance to remedy the deficiencies. But the Amended Complaint fails to correct the problems identified. It continues to assert multiple claims against multiple defendants without specifying who is responsible for which act. Plus, it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321-24. For example, the Amended Complaint claims all Defendants violated his due process rights under the Fifth Amendment. As support, Plaintiff says:

> 51. Defendants had duty to follow the law and the Constitution.
>
> 52. Defendant Crown took jurisdiction in the state traffic court case without an injured party.
>
> 53. Defendant Moffett was unable to prove jurisdiction on and for the record.
>
> 54. Defendant Moffett did not have any admissible evidence from a competent witness with firsthand knowledge.
>
> 55. Defendant Crown allowed the case to continue without requiring Defendant Moffett to respond to Plaintiff's jurisdictional challenge with affidavit and prove jurisdiction by counter-affidavit on and for the record.

> 56. Defendants acted with deliberate indifference to the Constitution and federal laws when they violated Plaintiff's rights to due process.

(Doc. 16 at 13).  These allegations are devoid of any substance and unmoored to the Fifth Amendment.  Because Plaintiff received notice of the shotgun pleading deficiencies and instructions to cure them, the Court now dismisses the case with prejudice.  *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("If that chance [to amend] is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds.").

Second, the *Younger* doctrine forecloses the Court's consideration of the Amended Complaint because the state criminal case is not over.  "Federal courts should not interfere in pending state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 45 (1971); *Butler v. Ala. Jud. Inquiry Comm'n*, 245 F.3d 1257, 1261 (11th Cir. 2001) ("*Younger* and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases already pending in state court free from federal court interference.").  The *Younger* doctrine has exceptions: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th

Cir. 2004). No exception applies here. Plaintiff has not suggested that the prosecution against him was taken in bad faith. Nor has he alleged that he will suffer irreparable injury apart from "that incidental to every criminal proceeding brought lawfully and in good faith" if this Court does not intervene. *Younger*, 401 U.S. at 49 (citation omitted). Plus, Plaintiff can raise—and has done so—his constitutional and sovereign-citizen arguments before the state court. *See Chambersel v. Fla.*, 816 F. App'x 424, 426 (11th Cir. 2020)' (citations omitted). Indeed, Plaintiff has counterclaimed in the criminal case raising almost identical allegations as here.

Third, even if the *Younger* doctrine was not enough to preclude this action, Judge Crown and Moffett are entitled to absolute immunity. "Judges are entitled to absolute judiciary immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkmak*, 435 U.S. 349, 356-57 (1978) (citation omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citation omitted). Even liberally reading the Amended Complaint, its allegations attack Judge Crown for his role presiding over the criminal case and decisions he has made as a judicial officer.

Moffett sits in the same boat. Prosecutors are immune from § 1983 liability where their alleged malfeasance stemmed from their "function as

6

advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State[.]'" (citation omitted)); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for starting prosecution even if he did so with malicious intent). The allegations against Moffett all stem from his acts in initiating and pursuing the criminal case.

In conclusion, the Court dismisses the Amended Complaint with prejudice. The Court already let Plaintiff amend, and any further amendments would be futile. *See Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019); *McKenna v. Obama*, No. 3:15-CV-335-MCR-CJK, 2016 WL 5213940, at *2 (N.D. Fla. Aug. 19, 2016) (dismissing sovereign-citizen like complaint without leave to amend).

Accordingly, it is

**ORDERED:**

1. Defendants' Motion to Dismiss Plaintiff's Amended Complaint with Prejudice (Doc. 18) is **GRANTED**.

2. Defendant Charles Nunley's Amended Motion to Dismiss (Doc. 31) is **GRANTED**.

3. The Amended Complaint (Doc. 16) is **DISMISSED with prejudice**.

4. The Clerk is **DIRECTED** to enter judgment, deny any ending motions as moot, terminate any deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 29, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record