UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOICHI SAITO,

    Plaintiff,

v.                                        Case No.:  2:23-cv-513-SPC-NPM

ALEXIS MOFFETT, CHARLES
NUNLEY, ROBERT CROWN, and
STATE OF FLORIDA,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is pro se Plaintiff Koichi Saito's Objections and Demands for Reconsideration (Doc. 44), along with Defendants Charley Nunley's and the State of Florida's responses in opposition (Doc. 45; Doc. 46). For the below reasons, the Court denies the Objections.

Last month, the Court dismissed the Amended Complaint with prejudice because it was a shotgun pleading, the *Younger* doctrine applied, and the state court judge and prosecutor named as defendants were immune from the suit. (Doc. 41). Plaintiff disagrees with the Court and objects to the dismissal. In liberally reading his Objections, Plaintiff seems to raise four challenges:

(1) the Amended Complaint was not a shotgun pleading;

(2) the *Younger* doctrine was inapplicable because this suit "is not about litigating the [criminal] charges brought in state court; rather, it is

>   focused on the due process rights violations that occurred and the resulting damages to the Plaintiff;"
>
> (3) absolute immunity protects neither the state court judge nor the prosecutor because they were not acting "their official judicial capacities but rather in a manner that removed their immunity"; and
>
> (4) Plaintiff has no legal relationship with the State of Florida to be subject to its prosecution.

(Doc. 44).

The Court construes Plaintiff to have filed his Objections under both Federal Rules of Civil Procedure 59(e) and 60(b). Rule 59(e) lets a court amend a judgment within 28 days after judgment. But "[t]e only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Shackleford v. Sailor's Wharf, Inc.*, 770 F. App'x 447, 451 (11th Cir. 2019) (citation omitted). A court's reconsideration of a past order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993). Rule 59(e) may not be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Rule 60(b) is another avenue for reconsideration. It allows relief from a judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A court may also grant relief for "any other reason

2

that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under this provision is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.3d 677, 680 (11th Cir. 1984). Like Rule 59(e), a motion for reconsideration under Rule 60(b) "cannot be used to relitigate old matters." *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020).

Plaintiff's Objections fail to satisfy Rule 59(e)'s and 60(b)'s demanding standards for reconsideration. To start, Plaintiff raises nothing new in his Objections. Instead, he recycles the same facts and legal arguments the Court has repeatedly found unpersuasive throughout this action. He offers no newly discovered evidence. Nor has he established any mistake, obvious errors of law or fact, or that "the interests of justice demand correction." *McGuire v. Ryland Grp.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007). At most, Plaintiff just disagrees with the Court's conclusions.

Plaintiff has had many chances to state a claim for relief per the Federal Rules of Civil Procedure yet has not done so. Rather than correct the deficiencies the Court and Defendants have alerted him to, he merely regurgitates the same conclusory statements, theories, and arguments. At bottom, Plaintiff fails to show the extraordinary remedy of reconsideration is justified under Rule 59(e) or 60(b).

Accordingly, it is now

**ORDERED:**

Plaintiff Koichi Saito's Objections and Demands for Reconsideration (Doc. 44) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 8, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record